UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

CARHART-HALASKA INTERNATIONAL, LLC,
and HALASKA INTERNATIONAL, INC.,
    Plaintiffs,

  v.                                                                   Case No. 12-CV-01124

CARHART, INC., and CHRIS CARHART,
    Defendants,

  v.

CHRISTOPHER HALASKA,
    Third Party Defendant.

---

## DECISION AND ORDER

This case involves a contractual dispute between the two members of a Wisconsin LLC, plaintiff Halaska International, Inc. ("Halaska") and defendant Carhart, Inc. Halaska brought the action in state court and joined the LLC, Carhart-Halaska International, LLC ("CH"), as a plaintiff and Chris Carhart, the owner of Carhart, Inc. and a manager of the LLC, as a defendant. Defendants removed the case based on diversity of citizenship. *See* 28 U.S.C. § 1332. It would appear, however, that the parties are not diverse because the citizenship of an LLC is the citizenship of its members. This puts an Illinois citizen on both sides of the case.[1]

Defendants respond that CH is an improper plaintiff and that, therefore, I should disregard its citizenship. Defendants rely on the fraudulent joinder doctrine, which allows

---

[1] Plaintiff Halaska is a Wisconsin citizen, defendant Carhart, Inc. is an Illinois citizen, and defendant Carhart is a Florida citizen.

a court to disregard the citizenship of a party joined simply to defeat diversity jurisdiction. *Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 763 (7th Cir. 2009). The Seventh Circuit, however, has never endorsed using the fraudulent joinder doctrine to disregard the citizenship of a plaintiff, as opposed to a defendant. Moreover, it has cautioned district courts to "interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum." *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993). In any case, even if I am authorized to disregard the citizenship of a plaintiff, I decline to do so here because the burden of establishing fraudulent joinder is very heavy, and defendants fail to satisfy it.

To prevail on their claim of fraudulent joinder, defendants must show that Halaska actually committed fraud in naming CH as a party or, taking all inferences of fact and law in CH's favor, that there is no reasonable possibility that CH can prevail on any of its claims. *Schur,* 577 F.3d at 764. The Seventh Circuit has suggested that the burden of proving fraudulent joinder is even heavier than "the standard that applies to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)." *Id.* Defendants argue that there is no reasonable possibility that CH can prevail because Halaska was not authorized to join CH as a plaintiff.

Wis. Stat. § 183.1101 governs LLC lawsuits. It provides:

> Unless otherwise provided in an operating agreement, an action on behalf of a limited liability company may be brought in the name of the limited liability company by one or more members . . . if the members are authorized to sue by the affirmative vote as described in s. 183.0404(1)(a), except that the vote of any member who has an interest in the outcome of the action that is adverse to the interest of the limited liability company shall be excluded.

2

Wis. Stat. § 183.1101(1). An "affirmative vote" under § 183.0404 is a vote "by members whose interests in the limited liability company represent contributions to the limited liability company of more than 50% of the value of the total contributions made to the [company]," not counting the contribution made by any member who "is precluded from voting with respect to a given matter." Wis. Stat. § 183.0404(1)(a), (3). To override this rule, an LLC's operating agreement "must explicitly address voting to authorize an action on behalf of an LLC." *Lenticular Europe, LLC, ex rel. Van Leeuwen v. Cunnally*, 279 Wis. 2d 385, 398–99 (Ct. App. 2005). While § 5.4(b)(vii) of the operating agreement between Halaska and Carhart, Inc. prohibits a manager of the LLC from bringing a suit on the LLC's behalf unless a certain procedure is followed, it does not address member-initiated suits or voting to authorize such suits. Thus, it does not override § 183.1101(1).

As to whether Halaska satisfied the requirements specified in § 183.1101(1), Defendants concede that Halaska did not need Carhart, Inc's consent to name CH as a plaintiff because its interest is adverse to that of CH. However, it contends that Halaska's interest is also adverse to CH's because Halaska's seeks to compel CH to provide Halaska with funds to pay certain tax obligations. But Halaska's complaint makes clear that the funds Halaska seeks are funds that it alleges defendants misappropriated from CH. Therefore, I cannot say that Halaska's interest is adverse to that of CH. Thus, Halaska was authorized to join CH as a plaintiff. Halaska was responsible for more than 50% of the value of the total contributions made to CH, not counting the contributions made by Carhart, Inc., which was precluded from voting.

3

Defendants' final contention is that Halaska failed to follow the appropriate procedure with respect to initiating the suit because it did not seek a vote at a meeting of the members of the LLC and did not memorialize its consent in writing until after it filed the complaint. However, § 183.1101 does not require a formal vote or written consent. It simply requires the complaint to "describe with particularity the authorization of the member to bring this action." Wis. Stat. § 183.1101(3). Halaska satisfied this requirement by alleging that "[a]s a 50% Member of CH, Halaska International is authorized to bring this action on behalf of CH pursuant to the terms of the CH Operating Agreement and Wis. Stat. § 183.1101." (Compl. ¶ 11.)

For the foregoing reasons, there is a reasonable possibility that CH can prevail on its claims against defendants. Thus, in determining whether I have diversity jurisdiction, I cannot disregard CH's citizenship. With CH in the case, the parties are not diverse. Therefore, I must remand the case for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

I will, however, deny plaintiffs' request for attorney's fees under § 1447(c). I can award the party seeking remand the costs and attorney's fees incurred as a result of the removal only if I find that defendants' basis for removal was objectively unreasonable. *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140–41 (2005). A basis for removal is objectively unreasonable "if, at the time the defendant filed his notice in federal court, clearly established laws demonstrated that he had no basis for removal." *Wolf v. Kennelly*, 574 F.3d 406, 411–12 (7th Cir. 2009) (quoting *Lott v. Pfizer, Inc.*, 492 F.3d 789, 793 (7th

4

Cir. 2007)). Here, defendants' basis for removal was not objectively unreasonable. Even if it was, I would deny plaintiffs' request for costs because plaintiffs contributed to the delay in remanding this case. Plaintiffs failed to move to remand leaving it to me to raise the issue of jurisdiction. *See Martin*, 546 U.S. at 141 ("[A] plaintiff's delay in seeking remand or failure to disclose facts necessary to determine jurisdiction may affect the decision to award attorney's fees.").

**THEREFORE, IT IS ORDERED** that the case is **REMANDED** to the state court for further proceedings.

Dated at Milwaukee, Wisconsin, this 5th day of February 2013.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge

5

Case 2:12-cv-01124-LA   Filed 02/05/13   Page 5 of 5   Document 33